**Victor William MOLINA–DE LA VILLA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Victor William Molina–de
la Villa, Petitioner,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 04–71033, 05–74126.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Jan. 5, 2009.

Ahilan T. Arulananthan, Esquire, Peter J. Eliasberg, Esquire, ACLU Foundation of Southern California, Los Angeles, CA, for Petitioner.

David V. Bernal, Assistant Director, Charles Canter, Barry J. Pettinato, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN and SILVERMAN, Circuit Judges, and CONLON,* District Judge.

## MEMORANDUM **

Victor William Molina de la Villa ("Molina") seeks review of an order of removal issued by the Board of Immigration Appeals ("BIA") on February 18, 2004. The BIA determined that Molina was inadmissible as an arriving alien who had been convicted of a crime involving moral turpitude. *See* 8 U.S.C. § 1182(a)(2)(A)(i) (2008); 8 U.S.C. § 1101(a)(13)(C)(v) (2006). We have jurisdiction under the Immigration and Nationality Act ("INA") § 242, 8 U.S.C. § 1252; *see, e.g., Camins v. Gon-* *zales,* 500 F.3d 872, 876 (9th Cir.2007) (exercising jurisdiction under 8 U.S.C. § 1252(a)(2)(D)). For the reasons stated below, we deny the petition for review.

■ This court has found that 8 U.S.C. § 1101(a)(13)(C)(v) may reasonably be applied retroactively. *See id.* at 880. Molina argues that 8 U.S.C § 1101(a)(13)(C)(v) has an impermissible retroactive effect in his case under *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) because at the time of his conviction Molina's crime would not have rendered him inadmissible after a short trip abroad. Under *Landgraf,* this court employs a two-step analysis. *See Hernandez de Anderson v. Gonzales,* 497 F.3d 927, 935–36 (9th Cir.2007). First, the court determines whether "Congress has expressly prescribed the statute's proper reach." *Landgraf,* 511 U.S. at 280, 114 S.Ct. 1483. If not, the court must then examine the statute to determine if its application impermissibly "impose[s] some burden on the basis of an act or event preceding the statute's enactment." *Fernandez–Vargas v. Gonzales,* 548 U.S. 30, 37, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). The attachment of new legal consequences to past actions is impermissible when it conflicts with "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Landgraf,* 511 U.S. at 270, 114 S.Ct. 1483.

In *Camins,* this court found that Congress did not clearly indicate its intent to apply 8 U.S.C. § 1101(a)(13)(C)(v) to prior conduct. *Camins,* 500 F.3d at 882. *Camins* also found that the retroactive application of 8 U.S.C. § 1101(a)(13)(C)(v) undoubtedly attached new legal consequences to past actions. *Id.* The question

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

before us, then, is whether in Molina's case the retroactive application of 8 U.S.C. § 1101(a)(13)(C)(v) conflicts with any reasonable reliance interest Molina may have had in the state of the law at the time of his conviction.

To determine whether there is a conflict with a protected reliance interest, "we require that reliance on the prior law 'would have been objectively reasonable under the party's circumstances.' " *Id.* at 884 (citing *Hernandez,* 497 F.3d at 941). Following the Supreme Court's holding in *I.N.S. v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), we have generally found objectively reasonable reliance when a party pled guilty to a crime as part of a *quid pro quo* agreement with the government. *See Saravia–Paguada v. Gonzales,* 488 F.3d 1122, 1130–31 (9th Cir.2007). Outside of the context of a guilty plea, we have also found reasonable reliance where a party acted affirmatively to apply for naturalization under the assumption that suspension from deportation would be available. *See Hernandez,* 497 F.3d at 942–43.

However, we require that "an alien must demonstrate some affirmative reliance on a previously available immigration benefit to show impermissible retroactivity." *Saravia–Paguada,* 488 F.3d at 1134. By simply going to trial, Molina showed no affirmative reliance on the state of the law at the time. Nor do any of Molina's subsequent actions indicate the kind of affirmative post-conviction reliance we found in *Hernandez.*

■ Molina also contends that the Illegal Immigration Reform and Immigration Responsibility Act section 304(b)'s elimination of the former INA section 212(c) waiver from excludability was impermissibly retroactive in his case. His argument fails here for the same reason as above. In both *St. Cyr* and *Hernandez,* the petitioners relied directly on the existence of relief from deportation in making their decisions to plead guilty or to apply for naturalization respectively. Molina did not rely upon the existence of the 212(c) waiver, but rather passively relied upon the fact that conviction for his crime did not result in deportation at the time. Because he took no affirmative action that "enhanced [the] significance [of section 212(c) ] to him in particular," he cannot claim to have reasonably relied on it. *See Saravia–Paguada,* 488 F.3d at 1134 (citing *Fernandez–Vargas,* 548 U.S. at 44 n. 10, 126 S.Ct. 2422).

■ Molina's final argument is that the elimination of section 212(c) relief violates his Equal Protection rights because the law denies non-citizens who went to trial the opportunity to apply for section 212(c) relief—even though there were no immigration consequences to their conviction at the time they chose to go to trial—while allowing non-citizens who pled guilty to the same offenses at the same time to apply for section 212(c) relief. However, as this court has recently stated, "Congress has particularly broad and sweeping powers when it comes to immigration ... Our task, therefore, is to determine, not whether the statutory scheme makes sense to us, but whether we can conceive of a rational reason Congress may have had in adopting it." *Abebe v. Mukasey,* 554 F.3d 1203, 1206 (9th Cir.2009) (en banc). A legislative classification must be "wholly irrational" to violate Equal Protection. *Mathews v. Diaz,* 426 U.S. 67, 83, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976).

That is not the case here. Congress could rationally have concluded that it would be unfair to eliminate a particular form of relief from removal for aliens who could demonstrate an objective measure of past reliance—such as a guilty plea—on the previously available relief. Congress might also rationally conclude that honor-

ing such past reliance could encourage future plea bargain agreements. Either way, Congress's distinction was not sufficiently irrational to violate Equal Protection in this case.

**PETITION FOR REVIEW DENIED.**